**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff(s),**           **CASE NUMBER: 05-80025**
                                    **HONORABLE VICTORIA A. ROBERTS**
**v.**

**D-1 TIMOTHY DENNIS O'REILLY**,

        **Defendant(s).**
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR REHEARING**

This matter is before the Court on Defendant Timothy O'Reilly's "Motion for Rehearing on Motion to Suppress Oral Statements and for Evidentiary Hearing." (Doc. #314). On February 1, 2008, the Court entered an Order denying Defendant O'Reilly's ("O'Reilly") "Motion to Suppress Oral Statements and for Evidentiary Hearing." (Doc. #310). O'Reilly asks the Court to reconsider its decision and grant an Evidentiary Hearing.

Eastern District of Michigan Local Rule 7.1(g)(3) provides for reconsideration if the movant demonstrates a palpable defect by which the court and the parties have been misled, and further demonstrates that correcting the defect will result in a different disposition of the case. "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F.Supp.2d 605, 624 (E.D. Mich. 2001). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." L.R. 7.1(g)(3).

1

O'Reilly asserts the Court's Order suffers palpable defects. He says the Court improperly shifted the burden of proof to him to prove the statements to Barron Nix-Bey ("Nix-Bey") were involuntary. Among other cases, O'Reilly directs the Court to *Lego v. Twomey*, 404 U.S. 477, 489 (1972) ("[T]he prosecution must prove at least by a preponderance of the evidence that the confession was voluntary"); and *United States v. Cruse*, 59 Fed.Appx. 72, 76 (6th Cir. Feb. 7, 2003) (same). O'Reilly argues the Government did not meet its burden.

The Court disagrees.

After hearing the recording between Nix-Bey and O'Reilly, and determining the history of interactions between the two, and the history of interactions between Nix-Bey and federal agents, the Court satisfied itself that the Government sustained its burden to prove that O'Reilly's statements were freely and voluntarily made; the burden of proof was not improperly shifted to O'Reilly. The burden of proof is not shifted by requiring a defendant to be specific in his allegation of coercion. Beyond the allegation, O'Reilly offered nothing to compel the Court to hold an Evidentiary Hearing. *See United States v. Schumaker*, 1989 WL 63627 at *3-4 (9th Cir. June 9, 1989).

O'Reilly also says 18 U.S.C. §3501 requires the Court to hold an Evidentiary Hearing and determine whether his confession was voluntary.

The Court agrees with O'Reilly that his statements qualify as a "confession" under section 3501. *See* 18 U.S.C. §3501(e) ("the term 'confession' means any confession of guilt of any criminal offense or any self-incriminating statement made or given orally or in writing."). The general rule is also as O'Reilly states: before a confession is received in evidence, voluntariness must be determined outside the jury's

2

presence. *See* 18 U.S.C. §3501(a). However, O'Reilly fails to point out an important exception:

> Nothing contained in [18 U.S.C. §3501] shall bar the admission in evidence of any confession made or given voluntarily by any person to any other person without interrogation by anyone, *or* at any time at which the person who made or gave such confession was not under arrest or other detention.

18 U.S.C. §3501(d) (emphasis added).

The Court already determined O'Reilly's confession was given voluntarily. Assuming O'Reilly was "detained" when he made the confession, it is still admissible under 18 U.S.C. §3501 because he was not being interrogated.

O'Reilly further argues the Court incorrectly concluded Nix-Bey was not a Government agent. But, this is not a palpable defect that will lead to a different disposition of the case. The Court stated in its previous Order, "even presuming [Nix-Bey] was an agent at the time he recorded O'Reilly's statements, *Miranda* and *Perkins* allow the admission of the recording." *See* Order (Regarding Doc. #212).

As to O'Reilly's argument based on *Anderson v. United States*, 318 U.S. 350 (1943) and Fed. R. Crim. P. 5(a), he failed to identify a palpable defect in the Court's ruling; he merely asserts arguments the Court already considered and rejected.

O'Reilly's motion for rehearing is **DENIED**.

**IT IS ORDERED**.

S/Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated: February 20, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 20, 2008.

s/Carol A. Pinegar
Deputy Clerk