UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    PLAINTIFF,<br>V<br>TIMOTHY DENNIS O'REILLY,<br>    DEFENDANT. | HON. VICTORIA A. ROBERTS<br><br>CASE #05-80025 |

| | |
|---|---|
| AUSA David A. Gardey (P48990)<br>AUSA Michael Bullotta<br>United States Attorney's Office<br>211 W. Fort Street, Suite 2001<br>Detroit, MI  48226<br>(313) 226-9591<br>(313) 226-3265 Fax | Harold Gurewitz  (P14468)<br>Amy Parekh (P70425)<br>Attorney for Defendant O'Reilly<br>Gurewitz & Raben, PLC<br>333 W. Fort Street, 11th floor<br>Detroit, MI 48226<br>(313) 628-4733<br>(313) 628-4701 Fax<br><br>Richard Kammen<br>Gilroy Kammen<br>One Indiana Square, Suite 150<br>Indianapolis, IN 46204-2003<br>(317) 236-0400 |

### DEFENDANT O'REILLY'S MOTION TO ADJOURN JANUARY 19, 2010 TRIAL DATE

Now comes Defendant Timothy O'Reilly by his attorneys, Harold Gurewitz, Richard Kammen and Amy Parekh, and hereby requests this Court adjourn the trial date currently scheduled for January 19, 2010 for a period of at least 90 days, and for his reasons Defendant relies upon the Brief attached to this Motion.

Pursuant to LCR 7.1, counsel have discussed the relief requested by this motion with the Government.  At this time, the Government does not concur.

                                       Respectfully Submitted,

                                       **GUREWITZ & RABEN, PLC**

|  |  |  |
|---|---|---|
|  | By: | s/Harold Gurewitz |
|  |  | 333 W. Fort Street, 11th floor |
|  |  | Detroit, MI 48226 |
|  |  | (313) 628-4733 |
|  |  | Email: hgurewitz@grplc.com |
| Date: September 16, 2009 |  | Attorney Bar Number: 14468 |
|  | By: | s/Amy Parekh |
|  |  | 333 W. Fort Street, 11th floor |
|  |  | Detroit, MI 48226 |
|  |  | (313) 628-4706 |
|  |  | Email: Aparekh@grplc.com |
| Date: September 16, 2009 |  | Attorney Bar Number: 70425 |
|  | By: | s/Richard Kammen |
|  |  | Gilroy Kammen |
|  |  | One Indiana Square, Suite 150 |
|  |  | Indianapolis, IN 46204-2003 |
|  |  | (317) 236-0400 |
| Date: September 16, 2009 |  | Email: Rkamm@iquest.net |

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **HON. VICTORIA A. ROBERTS** |
| **PLAINTIFF,** | |
| V | **CASE #05-80025** |
| **TIMOTHY DENNIS O'REILLY,** | |
| **DEFENDANT.** | |

| | |
|---|---|
| AUSA David A. Gardey (P48990) | Harold Gurewitz (P14468) |
| AUSA Michael Bullotta | Amy Parekh (P70425) |
| United States Attorney's Office | Attorney for Defendant O'Reilly |
| 211 W. Fort Street, Suite 2001 | Gurewitz & Raben, PLC |
| Detroit, MI 48226 | 333 W. Fort Street, 11th floor |
| (313) 226-9591 | Detroit, MI 48226 |
| (313) 226-3265 Fax | (313) 628-4733 |
| | (313) 628-4701 Fax |
| | |
| | Richard Kammen |
| | Gilroy Kammen |
| | One Indiana Square, Suite 150 |
| | Indianapolis, IN 46204-2003 |
| | (317) 236-0400 |

**BRIEF IN SUPPORT OF MOTION TO ADJOURN JANUARY 19, 2010 TRIAL DATE**

# TABLE OF CONTENTS

Table of Authorities. .................................................................................................................... iii

Issue Presented. .......................................................................................................................... iv

Most Controlling Authority. ...................................................................................................... iv

I.     Introduction. ..................................................................................................................... 1

II.    Statement of Facts. ........................................................................................................... 1

III.   Discussion. ....................................................................................................................... 3

        A.    ABA Guidelines For Performance of Defense Counsel in a Death Penalty Case Mandate That Defense Counsel for Mr. O'Reilly Need More Time Before Proceeding to Trial in His Case.. ................................................................ 3

        B.    Mitigation Requirements According to ABA Guidelines Support Counsel's Request for a 90-day Adjournment. ......................................................... 4

IV.   Conclusion. ...................................................................................................................... 5

# TABLE OF AUTHORITIES

***SUPREME COURT CASES:***                                                                                                                   ***Page***

*Ungar v. Sarafite*, 376 US 575 (1964). ........................................................................................ 3

*Woodson v. North Carolina*, 428 US 280 (1976). ........................................................................ 4


***CIRCUIT COURT CASES:***

*United States v. Fischbach & Moore, Inc.*, 750 F2d 1183 (3rd Cir., 1984). ..................................... 3



***RULES, STATUTES & OTHER***

American Bar Association, GUIDELINES FOR THE APPOINTMENT AND PERFORMANCE OF DEFENSE COUNSEL IN DEATH PENALTY CASES (Rev. Ed 2003). .............................................................. 3-4

Eric M. Freedman, *Re-Stating the Standard of Practice for Death Penalty Counsel: The Supplementary Guidelines for the Mitigation Function of Defense Teams in Death Penalty Cases*, 36 Hofstra L. Rev. 663, 671-74 (2008). ........................................................................ 4-5

## ISSUE PRESENTED

Whether this Court Should Grant an Adjournment of the January 19, 2010 scheduled trial date for a period of at least 90-days?

## MOST CONTROLLING AUTHORITY

American Bar Association, GUIDELINES FOR THE APPOINTMENT AND PERFORMANCE OF DEFENSE COUNSEL IN DEATH PENALTY CASES (Rev. Ed 2003).

**I.      INTRODUCTION**

Defendant Timothy O'Reilly has filed the attached motion to request a 90 day adjournment of the January 19, 2010 trial date scheduled in this case.  It is the collective professional judgment of all the members of the O'Reilly defense team that an additional period of 90 days is essential in order for them to properly prepare for trial, consistent with their professional responsibilities.

Many of the specific reasons for counsel's request are based on their confidential work - product that cannot be shared with opposing counsel. Therefore, they have prepared and are simultaneously filing a separate submission under seal for consideration by this Court explaining in more detail the status of their work and their justification for this request. A separate Affidavit of mitigation defense investigator Juliette Yackel, also containing confidential work-product, is attached to their *in camera* filing in further support of this motion.

**II     STATEMENT OF FACTS**

The United States filed a criminal complaint on December 17, 2004, charging Timothy O'Reilly with participation in two armored car robberies on December 14, 2001 and July 13, 2003.  Armored car guard Norman Stephens was fatally shot during the December 2001 robbery.  An Indictment was filed on January 11, 2005 charging the same offenses. On November 1, 2006, the Government filed its Notice of Intent to Seek the Death Penalty.  Several pretrial motions were filed and litigated between November 2007 and March 2008.  Additional pretrial motions and motions *in limine* were filed in June and August 2009.  The Government has indicated that it will not object if defense counsel find it necessary to file additional motions prior to trial.  Counsel anticipates the filing of at least three additional motions prior to trial. Defendant's request for a 90 day adjournment is directly tied to efforts to develop mitigation

evidence for use at trial.

During the first phase of defense mitigation investigation work, counsel's efforts were directed to marshaling evidence and arguments for consideration by the Attorney General to attempt to convince him that he should not authorize the death penalty. This work obviously came to a conclusion on November 1, 2006 when the death penalty notice was filed. While there is some overlap with preparation of mitigation evidence for trial, practically little of the work performed during this period resulted in work-product that is sufficient for use at trial.

Next, counsel focused their mitigation investigation efforts on determining whether any plea resolution of the criminal charges was possible. This work involved not only investigation but also exploring the significance of this possible course for the Defendant and his family. The focus of this work continued from approximately September 2007 to August 2008. This effort came to a conclusion at about that later date due to unforseen circumstances. Thereafter, counsel restarted their efforts to conduct a mitigation investigation.

Finally, since approximately August, 2008 the defense team substantially through the efforts of Ms. Yackel, has been pursuing all of the steps required by ABA Standards to investigate Mr. O'Reilly's background, family, education, employment and health. In spite of her diligent efforts, as described in her Affidavit attached to the Defendant's separate *in camera* filing, Ms. Yackel believes, as does counsel, that she still has numerous interviews left to be conducted. This part of the investigation has progressed much like the progress of "peeling an onion" with each layer of effort revealing more work necessary to be completed. This process has left Ms. Yackel with a large number of interviews left to be completed. Because potential witnesses she must personally interview are located in different parts of the United States, travel arrangements and appointment scheduling will be additionally time-consuming.

In addition, Ms. Yackel, has been committed to a death penalty trial now ongoing in Chicago, Illinois. The trial began in September, 2009. It is presently anticipated the trial will conclude in early October, 2009. Ms. Yackel has substantial responsibility in that case for consideration of mitigation evidence to be presented at trial. Ms. Yackel will then be free of other commitments and can focus substantially all of her time to Mr. O'Reilly's case.

In addition, defense counsel Amy Parekh has been on maternity leave since August 31, 2009 and will continue her leave until early December, 2009.

### III. DISCUSSION

"There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case…" *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). Factors the Court should consider in determining whether to grant a request for a continuance are judicial efficiency, the accused's rights, the accused's opportunity to prepare his defense, and the rights of other defendants whose trials may be delayed because of a continuance. *United States v. Fischbach & Moore, Inc.*, 750 F.2d 1183, 1195 (3rd Cir. 1984).

> **A.   ABA GUIDELINES FOR PERFORMANCE OF DEFENSE COUNSEL IN A DEATH PENALTY CASE MANDATE THAT DEFENSE COUNSEL FOR MR. O'REILLY NEED MORE TIME BEFORE PROCEEDING TO TRIAL IN HIS CASE.**

Defense counsel in death penalty cases are held up to uniquely demanding standards prescribed by the American Bar Association. *See* American Bar Association, GUIDELINES FOR THE APPOINTMENT AND PERFORMANCE OF DEFENSE COUNSEL IN DEATH PENALTY CASES §1.1 (Rev. Ed 2003) (hereinafter "ABA Guidelines"). Counsel must ensure high quality representation by fully investigating both the factual defense as well as the mitigation defense. *Id*. The Eighth Amendment of the United States Constitution requires defense counsel to offer

mitigation evidence. In *Woodson v. North Carolina*, 428 U.S. 280, 304 (1976) (plurality opinion), the Supreme Court also stated that death penalty cases require a heightened standard of reliability because of the penalty involved. Specifically, defense counsel must provide the sentencer with "comprehensive or mitigating factors stemming from the diverse frailties of human kind." *Id.*; *see also* ABA Guidelines §10.2 (mandating high quality representation of capital defendants by defense counsel during every stage of the case).

ABA Guidelines §10.7 specifically prescribes the requirements of defense counsel through their fact and mitigation investigation experts. In sum it requires that defense counsel locate and interview all potential witnesses for both phases of a capital trial, research the client's medical, family, social, employment and educational histories, and make decisions about the need for expert testing. Because there is insufficient time in which to conduct and complete these necessary tasks before the January trial date, failure to grant a continuance will result in an impaired defense and a possible violation of Mr. O'Reilly's due process rights.

### B.   MITIGATION REQUIREMENTS ACCORDING TO ABA GUIDELINES SUPPORT COUNSEL'S REQUEST FOR A 90-DAY ADJOURNMENT.

The sentencer in a capital case must consider in mitigation "anything in the life of a defendant which might militate against the appropriateness of the death penalty for that defendant", such that "penalty phase preparation requires extensive and generally unparalleled investigation into personal and family history." *See id.* §10.7. At least in the case of the client, this begins with the moment of conception. *See id.*; *see also* Eric M. Freedman, *Re-Stating the Standard of Practice for Death Penalty Counsel: The Supplementary Guidelines for the Mitigation Function of Defense Teams in Death Penalty Cases*, 36 Hofstra L. Rev. 663, 671-74 (2008) (internal citations omitted) (describing what is required of a mitigation expert under the

ABA Supplementary Guidelines).

These standards require careful and thorough investigation of all of Mr. O'Reilly's education, health records, mental health records, and family history. This investigation has required not only examination of records, but also interviews of numerous individuals. Many of them reside out of Michigan.

In this case, much of the mitigation investigation has been completed. However, because of the change in the posture of defense preparation the middle of 2008, discussed more fully in the attached Affidavit of defense mitigation investigator Juliette Yackel, an additional period of at least 90 days for pre-trial preparation is essential so that the defense team may conduct additional interviews, and complete compilation of information and data for final trial preparation. Without this additional time and additional investigation, Mr. O'Reilly cannot present a complete and constitutionally sufficient defense.

## IV.   CONCLUSION

Counsel for Defendant Timothy O'Reilly have requested this Court to exercise its authority to allow them an additional period of 90 days to complete trial preparation. They represent to the court that their efforts have been diligent. They make this request after careful consideration of the status of their trial preparation, particularly their assessment of work that they believe is necessary to be completed. The progress of their work has been tied to developments in the pre-trial status of the case, some of which have not been within their control. Because of the nature of the issues they have been required to pursue, and the logistics of gathering information from various parts of the country, they are left with more work than they believe can properly be completed, consistent with applicable professional standards, in the time remaining before the trial date now scheduled. It is believed an additional 90-day period

will be sufficient to allow for proper preparation.

                        Respectfully Submitted,

                        **GUREWITZ & RABEN, PLC**

|  | By: | s/Harold Gurewitz |
|---|---|---|
|  |  | 333 W. Fort Street, 11th floor |
|  |  | Detroit, MI 48226 |
|  |  | (313) 628-4733 |
|  |  | Email: hgurewitz@grplc.com |
| Date: September 16, 2009 |  | Attorney Bar Number: 14468 |
|  | By: | s/Amy Parekh |
|  |  | 333 W. Fort Street, 11th floor |
|  |  | Detroit, MI 48226 |
|  |  | (313) 628-4706 |
|  |  | Email: Aparekh@grplc.com |
| Date: September 16, 2009 |  | Attorney Bar Number: 70425 |
|  | By: | s/Richard Kammen |
|  |  | Gilroy Kammen |
|  |  | One Indiana Square, Suite 150 |
|  |  | Indianapolis, IN 46204-2003 |
|  |  | (317) 236-0400 |
| Date: September 16, 2009 |  | Email: Rkamm@iquest.net |

### CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2009 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

                        /s Harold Gurewitz (P14468)
                        Gurewitz & Raben, PLC
                        333 W. Fort Street, Suite 1100
                        Detroit, MI 48226
                        (313) 628-4733
                        email: hgurewitz@grplc.com