UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff(s),        CASE NUMBER: 05-80025
                                    HONORABLE VICTORIA A. ROBERTS

v.

D-1 TIMOTHY DENNIS O'REILLY,

        Defendant(s).
_____/

## ORDER

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On November 1, 2006, the Government filed a Notice of Intent to Seek the Death Penalty as to Timothy Dennis O'Reilly. In the Notice, the Government alleges three statutory aggravating factors:

(1)    Defendant intentionally killed the victim.

(2)    Defendant intentionally inflicted serious bodily injury that resulted in the death of the victim.

(3)    Defendant intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act.

In addition, the Government alleges a non-statutory aggravating factor:

Defendant shot Norman Stephens from behind, and while Stephens was already wounded and on the ground.

O'Reilly's co-Defendant, Earl Johnson, went to trial on October 29, 2007. At Johnson's trial, the parties stipulated that:

> "Dr. Lai Lavati[sic], Assistant Medical Examiner for Wayne County[,] performed an autopsy on Steven's[sic] body on December 14, 2001. Dr. Lavati[sic] found that Stevens[sic] died as the result of two shotgun wounds, one to his back and the other to the back of his legs. Dr. Lavati[sic] found no evidence of close range firing noted on Stevens'[sic] skin.
>
> In the doctor's opinion, based on the diameter of the pellet spreads, one shot was fired from a distance of approximately 57 feet and the other was fired from approximately 46 and a half feet.
>
> The shotgun wound to Stevens'[sic] back was fatal and severed his spinal cord, resulting in his being incapable of voluntary movement of his legs. The shotgun wound to the back of Stevens'[sic] legs was likewise fatal and would have also rendered him incapable of voluntary movement of his legs.
>
> Toxicology testing indicated that Stevens'[sic] blood was free from any drugs or alcohol."

Tr. Transcript, Volume One, p.144-145.

Before the Court is O'Reilly's Motion to Strike Specifications of the Government's Notice of Intent to Seek the Death Penalty. (Doc. #379). O'Reilly seeks a hearing on this motion. Following the hearing, O'Reilly asks the Court to strike the statutory and non-statutory aggravating factors mentioned above based on the stipulation entered into at Johnson's trial.

## II.   ARGUMENTS AND ANALYSIS

O'Reilly says the Court should strike the statutory and non-statutory aggravating factors from the Notice because: (1) they are false; (2) they are factually inaccurate; (3) they are inconsistent with the stipulation; (4) they are not supported by sufficient evidence; (5) O'Reilly could receive an unreliable, unfair, and arbitrary sentence; (6) they violate the Fifth and Eighth Amendments; (7) they violate the basic principles of fairness and the heightened need for reliability in the capital context; (8) they

impermissibly weigh in favor of death; (9) a reasonable jury could not find the statutory factors beyond a reasonable doubt; (10) the fact that the gun was fired from approximately 50 feet away eliminates the possibility that O'Reilly (a) intentionally killed Stephens (b) intentionally inflicted serious bodily injury and (c) contemplated that Stephens's life would be taken; and (11) the non-statutory aggravating factor lacks probative value and is unfairly prejudicial.

O'Reilly relies on *United States v. Baskerville*, 491 F.Supp.2d 516 (D.N.J. 2007). In *Baskerville*, the defendant asked the court to strike the statutory aggravating factor alleging he:

> intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act.

*Baskerville*, 491 F.Supp.2d at 519 (quoting 18 U.S.C. §3591(a)(2)(D)). The court struck this aggravating factor. It concluded that a reasonable jury could not find defendant "specifically engaged in an act of violence" because defendant's act of ordering the victim killed lacked the physical force element contemplated by §3591(a)(2)(D). *Id.* at 522; *see also Taylor v. Mitchell*, 296 F.Supp.2d 784, 819-834 (N.D. Ohio 2003) (finding there was insufficient evidence for a reasonable jury to find petitioner had a prior calculation and design to kill the victim, an element necessary to elevate a murder charge to aggravated murder).

    **A.**    **Statutory Aggravating Factors**

        **1.**    **O'Reilly Intentionally Killed Stephens; and O'Reilly Intentionally Inflicted Serious Bodily Injury that Resulted in**

3

**Stephens's Death**

On February 6, 2004, O'Reilly began serving a two-year sentence for possession of firearms. On December 14, 2004, O'Reilly made incriminating statements to another inmate that were recorded. O'Reilly's taped confession says:

1. Stephens's action of reaching for his gun caused O'Reilly to shoot Stephens.

2. Co-Defendant Kevin Watson shot Stephens first, and O'Reilly followed up with shots.

3. Stephens chose to die when he reached for his gun.

4. Stephens may have lived if he had got down on the ground.

5. Stephens threatened O'Reilly's life when he reached for his gun.

O'Reilly's confession – which the Court previously ruled is admissible – provides sufficient evidence for a reasonable jury to find beyond a reasonable doubt that O'Reilly either intentionally killed Stephens, or intentionally inflicted serious bodily injury that resulted in Stephens's death. The fact that Stephens was shot from a considerable distance is not conclusive proof that O'Reilly did not intentionally kill Stephens or intentionally inflict serious bodily injury that resulted in Stephens's death.

O'Reilly's motion to strike these two statutory aggravating factors is **DENIED**.

    **2.**    **O'Reilly Intentionally Participated in an Act, Contemplating that an Individual's Life Would be Taken or Intending that Lethal Force Would be Used in Connection with an Individual**

O'Reilly's taped confession contains statements that show O'Reilly's participation in the bank robbery was not with the thought that an individual's life would be taken, or the intention that lethal force would be used against an individual. O'Reilly says:

1. He did not go to the bank trying to kill Stephens; and

4

2.      He would not kill someone who does not need to be killed.

Based on these statements, O'Reilly's motion to strike this statutory aggravating factor is **DENIED WITHOUT PREJUDICE**. O'Reilly may renew his motion if there is a penalty phase to the trial. The Court will then determine whether the evidence presented at the guilt phase was such that a reasonable jury could find this statutory aggravating factor beyond a reasonable doubt.

### B.   O'Reilly Shot Stephens From Behind, and While Stephens was Already Wounded and on the Ground (Non-Statutory Aggravating Factor)

The Government says the Medical Examiner from the Wayne County Medical Examiner's Office will testify that:

1.   Stephens was shot and killed by at least two shotgun blasts.

2.   One shotgun blast hit Stephens in his back, and one shotgun blast hit the back of Stephens's legs.

3.   Both shotgun blasts were fatal and both would have caused Stephens to fall to the ground.

4.   It is unlikely that Stephens was turning towards the shotgun when he was struck in the back of his legs.

5.   The shot to Stephens's back was in an upward direction, indicating that he may have been bending or on the ground when he was hit.

Based on this testimony and O'Reilly's taped confession that he shot Stephens after Watson shot him, a reasonable jury could find beyond a reasonable doubt that: (1) Watson shot Stephens in the back of his legs; and (2) O'Reilly shot Stephens in his back while he was already wounded and on the ground.

However, O'Reilly's motion to strike this non-statutory aggravating factor is

5

**DENIED WITHOUT PREJUDICE**.  If the evidence at the guilt phase of the trial is not as the Government anticipates, O'Reilly may renew his motion if there is a penalty phase. The Court will then determine whether the evidence was such that a reasonable jury could find this non-statutory aggravating factor beyond a reasonable doubt.

### III.   CONCLUSION

O'Reilly's motion to strike two statutory aggravating factors – (1) Defendant intentionally killed the victim; and (2) Defendant intentionally inflicted serious bodily injury that resulted in the death of the victim – is **DENIED**.

O'Reilly's motion to strike the statutory aggravating factor that he intentionally participated in an act with the thought that an individual's life would be taken, or the intention that lethal force would be against an individual, and Stephens died as a direct result of the act is **DENIED WITHOUT PREJUDICE**.

O'Reilly's motion to strike the non-statutory aggravating factor that Defendant shot Norman Stephens from behind, and while Stephens was already wounded and on the ground is **DENIED WITHOUT PREJUDICE**.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  October 15, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 15, 2009.

s/Linda Vertriest
Deputy Clerk