UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff(s),        CASE NUMBER: 05-80025
                                                  HONORABLE VICTORIA A. ROBERTS

v.

D-1 TIMOTHY DENNIS O'REILLY,

        Defendant(s).
_____/

### ORDER GRANTING DEFENDANT'S
### MOTION TO PROHIBIT THE GOVERNMENT FROM USING THE WORD "GANG" WHEN REFERRING TO THE BLUE STONE MOTORCYCLE CLUB

        This matter is before the Court on Timothy O'Reilly's Motion in Limine to Prohibit the Government from Using the Word "Gang" When Referring to the Blue Stone Motorcycle Club ("BSMC"). (Doc. #377).

        O'Reilly says the Court should prohibit the Government from referring to BSMC as a gang for five reasons: (1) BSMC was neither a gang nor gang affiliated; (2) O'Reilly's co-Defendants are not connected through BSMC; (3) O'Reilly's membership in BSMC is not integral to the Government's case or theory; (4) BSMC is not affiliated with a criminal enterprise nor is it in the business of robbing banks; and (5) the Government's use of the word "gang" to describe BSMC would be unduly prejudicial. According to O'Reilly, the word "gang" is "so loaded with negative and prejudicial connotation that any evidence put to the jury that Mr. O'Reilly belonged to a gang, when in fact he did not, could cause great prejudice when and if the jury must decide whether Mr. O'Reilly should receive the death penalty."

1

While the Government says it will not characterize or describe BSMC as a gang nor will it argue that BSMC is a street gang, it does intend to introduce statements O'Reilly made to a prisoner at the Wayne County Jail in which O'Reilly himself made references to his membership in a motorcycle gang.  The Government says it will use O'Reilly's own words and characterization, to the effect that:

1. O'Reilly was in a motorcycle gang called the Blue Stone Motorcycle Gang.

2. Another member of the Blue Stone Motorcycle Gang, Archie Broom, supplied a U-Haul van that O'Reilly used in one of the truck robberies.

3. The "Feds" connected the robberies to the Blue Store Motorcycle Gang.

4. The FBI found pictures of the Blue Stone Motorcycle Gang at the house of one of the gang members killed during one of the robberies.

5. O'Reilly would make the prisoner a member of the Blue Stone Motorcycle Gang, if the prisoner would kill Archie Broom when the prisoner was released from jail.

6. O'Reilly offered to give the prisoner a motorcycle for killing Archie Broom.

According to the Government, these statements are important to show the relationship of the BSMC members and to support its position that:  (1) O'Reilly was involved in the robberies alleged in the Second Superseding Indictment; (2) members of BSMC were the driving force and main participants in the robberies; and (3) O'Reilly wanted one of the Government's witnesses killed.

O'Reilly's motion is **GRANTED**.  In order to achieve its purpose for introducing O'Reilly's statements, the Government does not need to use the word "gang", which has a negative connotation.  See United States v. Jobson, 102 F.3d 214, 219 n.4 (6th Cir. 1996) (jurors are likely to look unfavorably upon the joining of a street gang).  In Jobson, the Sixth Circuit said evidence that defendant was a member of a gang must be

2

admissible for a legitimate purpose, and its probative value cannot substantially outweigh its prejudicial effect. *Jobson*, 102 F.3d at 220. The *Jobson* Court held that evidence that defendant was in a gang – even though the testimony was defendant's own words – should only have come in with an instruction limiting the use of the gang evidence to defendant's opportunity to commit the crime; the jury should not have considered the gang evidence as direct evidence of defendant's guilt. *Id.* at 222.

Here, while O'Reilly may have characterized BSMC as a "gang," the probative value of the word "gang" is substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice[.]

The Government is prohibited from using the word "gang" when referring to BSMC during the entire course of O'Reilly's trial. When the Government introduces O'Reilly's statements, it must substitute the word "club" for the word "gang."

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: November 17, 2009

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 17, 2009.
>
> s/Carol A. Pinegar
> Deputy Clerk

3