UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

        Plaintiff(s),      CASE NUMBER: 05-80025
                                        HONORABLE VICTORIA A. ROBERTS

v.

**D-1 TIMOTHY DENNIS O'REILLY**,

        Defendant(s).
_____/

ORDER DENYING DEFENDANT'S
MOTION TO STRIKE SPECIFICATION C(3) OF THE GOVERNMENT'S
NOTICE OF INTENT TO SEEK THE DEATH PENALTY

**I.   BACKGROUND AND PROCEDURAL HISTORY**

On November 1, 2006, the Government filed a Notice of Intent to Seek the Death Penalty as to Timothy Dennis O'Reilly. In the Notice, the Government alleges:

> Future Dangerousness: Defendant stated that he planned to commit additional robberies when he is released from prison. Defendant stated that he intends to kill the witnesses who testified against co-defendant Norman Duncan when released from prison. Defendant also stated that he would have killed co-defendant Earl Johnson after the Dearborn Credit Union robbery if he would have known how Johnson would handle his share of the proceeds.

Before the Court is O'Reilly's "Motion to Strike Specification C(3) of the Government's Notice of Intent to Seek the Death Penalty as to Timothy Dennis O'Reilly and Supporting Brief." (Doc. #407). O'Reilly asks the Court to strike the "future dangerousness" factor from the Notice for four reasons: (1) it is unconstitutional; (2) studies show "future dangerousness" evidence is unreliable; (3) the evidence in support of this factor is inadmissible or highly unreliable; and (4) it violates the Supreme Court's

1

demands that the death decision be based on evidence that meets a heightened standard of reliability and accuracy.

In addition, O'Reilly says any alleged plot hatched in prison to kill Government witnesses has no bearing on his future dangerousness in the prison setting, while the Government says such plot evidences future dangerousness in prison.

O'Reilly's motion is **DENIED**.

## II.     ANALYSIS

On February 1, 2008, this Court held: (1) "future dangerousness" as a non-statutory aggravating factor is proper; (2) the Government may present "lack of remorse" evidence to support the "future dangerousness" non-statutory aggravating factor, provided the "future dangerousness" factor is not stricken following the guilt phase; and (3) if O'Reilly is convicted of a crime where the penalty choices are death or life in prison without the possibility of parole, the Government may only introduce evidence related to O'Reilly's "future dangerousness" in prison.  *See* Doc. #309.

O'Reilly's reliance on empirical studies – to support his position that the Court should strike the "future dangerousness" factor, because no one can make a reliable prediction of future dangerousness – does not change the Court's holding or the case law.  As O'Reilly recognizes, *Jurek v. Texas*, 428 U.S. 262 (1976) and *Barefoot v. Estelle*, 463 U.S. 880 (1983), hold that a jury can make predictions concerning a defendant's future dangerousness, after hearing "future dangerousness" evidence during the penalty phase of a capital trial.

The Court acknowledges that the studies O'Reilly presents are more current than

*Jurek* and *Estelle*. If there is a penalty phase to this trial – where O'Reilly introduces mitigation evidence – O'Reilly may introduce the studies and rely on expert witnesses who support such studies, so long as the *Daubert* test is met. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

### III. CONCLUSION

O'Reilly's motion is **DENIED**. The Court declines to strike the "future dangerousness" factor from the Notice.

However, if O'Reilly is convicted on Count 2, where the penalty is either death or life, the Court would need to make a finding that plotting while in prison, to kill witnesses outside of prison, evidences future dangerousness in the prison setting. This determination will be left for an evidentiary hearing before the penalty phase, if one is held. Depending on the arguments presented at the hearing, the Court may reconsider its position that O'Reilly's statements about robberies he plans to commit when released from prison, his statement that he would have killed co-Defendant Earl Johnson, and statements about other witnesses he plans to kill when released from prison, is not evidence of dangerousness in prison. *See* Doc. #309. If O'Reilly is convicted on Count 2, and the Court's position on these statements does not change, the Government may not introduce these statements as "lack of remorse" evidence to support the "future dangerousness" factor.

Importantly, if O'Reilly is convicted on Count 2, he may file a motion to prohibit the Government from introducing other evidence in support of the "future dangerousness" factor, on the ground that the evidence only supports an argument that

3

he would be a danger outside of prison.

O'Reilly's taped statements to another inmate, Barron Nix-Bey, describing how Norman Stephens was killed during the Dearborn Credit Union robbery, his lack of remorse for killing Stephens, and his statement that he is willing to kill in the future, is "lack of remorse" evidence that is probative of O'Reilly's future dangerousness. These statements are admissible to support the "future dangerousness" factor.

Finally, if O'Reilly is convicted on any count that requires a penalty phase, he may file a motion to prohibit the Government's "future dangerousness" evidence on the ground that it is inadmissible or unreliable.

**IT IS ORDERED**.

S/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: December 30, 2009

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 30, 2009.<br><br>s/Carol A. Pinegar<br>Deputy Clerk |