**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff(s),**        **CASE NUMBER: 05-80025
HONORABLE VICTORIA A. ROBERTS**

**v.**

**D-1 TIMOTHY DENNIS O'REILLY,**

        **Defendant(s).**
_____/

## ORDER

**I.    INTRODUCTION**

This matter is before the Court on the Government's "Motion in Limine to Exclude the Use and Mention of Polygraph Evidence During the Guilt Phase and During the Penalty Phase of Trial." (Doc. #521). The Government asks the Court to prohibit Timothy O'Reilly from introducing polygraph examination results, and the fact that certain individuals offered to take polygraph examinations.

Part of the Government's motion is **GRANTED**, and part is **HELD IN ABEYANCE**.

**II.    APPLICABLE LAW AND ANALYSIS**

    **A.    Impeachment Evidence During the Guilt Phase**

During the guilt phase, O'Reilly wants to introduce evidence that two co-Defendants, Archie Broom and Norman Duncan, offered to take polygraph examinations. O'Reilly says their willingness to submit to polygraphs demonstrates bias toward the Government. The Court disagrees.

1

"In limited circumstances, evidence of a party's willingness to submit to a polygraph may, within the discretion of the trial court, become admissible if it is relevant at trial." *United States v. Harris*, 9 F.3d 493, 501 (6th Cir. 1993) (citing *Wolfel v. Holbrook*, 823 F.2d 970, 972 (6th Cir. 1987)).

O'Reilly does not allege that Broom had to take a polygraph examination before the Government offered him a plea agreement, nor does O'Reilly allege that Duncan had to take a polygraph examination before it would withdraw its Notice of Intent to Seek the Death Penalty against Duncan. Indeed, the Government has not withdrawn its Notice of Intent against Duncan.

The Court finds Broom and Duncan's willingness to take polygraph examinations is irrelevant to a claim of bias on their part, in favor of the Government.

**B. Mitigation Evidence During the Penalty Phase**

**1. Robyn Stephens and Johnnie Allen**

O'Reilly wants to introduce evidence that: (1) the victim's wife, Robyn Stephens, failed a polygraph examination question that asked whether the victim had any involvement in the crime; and (2) the victim's niece, Johnnie Allen, told the FBI information she obtained, suggesting the victim was involved in the Dearborn Federal Credit Union robbery because of his previous criminal behavior and mind set, and the fact that he needed money. O'Reilly says this evidence is admissible under 18 U.S.C. §3592(a)(7):

> **Victim's consent.**--The victim consented to the criminal conduct that resulted in the victim's death.

**2. Elliott Phillinganes**

2

O'Reilly also wants to introduce evidence that Elliott Phillinganes, one of the armored truck guards who worked with the victim on the day of the crime, failed two polygraph examination questions:

**Question**: Did you help plan [the Dearborn Federal Credit Union] robbery?

**Answer**: No.

**Question**: Do you know for sure who committed that robbery?

**Answer**: No.

O'Reilly says this evidence is admissible under 18 U.S.C. §3592(a)(4):

> **Equally culpable defendants.**–Another defendant or defendants, equally culpable in the crime, will not be punished by death.

### 3. Analysis

A person found guilty of a capital offense must be given every opportunity to present potentially mitigating evidence that may form the basis for a sentence less than death. *See Paxton v. Ward*, 199 F.3d 1197, 1214 (10th Cir. 1999).

In addition:

> the Eighth and Fourteenth Amendments require that the sentencer, in all but the rarest kind of capital case, not be precluded from considering, as a *mitigating factor*, any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death.

*Lockett v. Ohio*, 438 U.S. 586, 604 (1978) (emphasis in original); *see also Eddings v. Oklahoma*, 455 U.S. 104, 114-15 (1982) (the jury may not be precluded from considering any relevant mitigating evidence). The exclusion of relevant evidence over reliability concerns violates the principle outlined in *Lockett* by interfering with the jury's

3

ability to weigh mitigating factors.  *See Rupe v. Wood*, 93 F.3d 1434, 1440 (9th Cir. 1996) (citations omitted).

The Court cannot apply these very liberal rules in a vacuum.  The only information the Court has about the polygraph examiners is that they are FBI agents.  The Court does not have any information about the examiners' backgrounds and experiences, nor does the Court know whether the polygraph examinations that Stephens, Allen, and Phillinganes took, are reliable enough to have probative value.

Further, the Court does not know the basis for Allen's statements that the victim was involved in the crime.  Her statements may be based on pure speculation.  If so, the statements lack probative value and should be excluded.  *See* 18 U.S.C. §3593(c) ("Information . . . may be excluded if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury").

Finally, the Court does not have Stephens' Polygraph Report, or the FBI report regarding the information it received from Allen.  Without this information, the Court does not know the context in which the information was acquired.

## III. CONCLUSION

The Government's motion is **GRANTED IN PART**.  O'Reilly may not introduce Broom or Duncan's willingness to submit to a polygraph examination.

The remainder of the Government's motion is **HELD IN ABEYANCE**.  If O'Reilly is convicted of a capital offense, the Court may hold an evidentiary hearing before the penalty phase to determine whether the polygraph examination results O'Reilly intends to admit during the penalty phase, are admissible.

4

In the alternative, the Court may require O'Reilly to lay a foundation for the admissibility of the polygraph examination results during the sentencing hearing.

**IT IS ORDERED**.

                                                s/Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated: July 2, 2010

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 2, 2010.

s/Linda Vertriest
Deputy Clerk

---