**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff(s),**          **CASE NUMBER: 05-80025**
                                              **HONORABLE VICTORIA A. ROBERTS**

**v.**

**D-1 TIMOTHY DENNIS O'REILLY,**

        **Defendant(s).**
_____/

## ORDER

The Court posed two questions: (1) should the four alternate jurors be discharged at the conclusion of the guilt phase? (2) what happens if there is a penalty phase and one or more of the original twelve jurors is unable to deliberate?

The Government says the Court should retain the alternates based on *United States v. Johnson*, 223 F.3d 665, 670 (7th Cir. 2000); *United States v. Honken*, 541 F.3d 1146, 1165-66 (8th Cir. 2008); and *Battle v. United States*, 419 F.3d 1292, 1301-02 (11th Cir. 2005).

Timothy O'Reilly relies on 18 U.S.C. §3593(b) to support his argument that the alternates must be discharged after a verdict in the guilt phase. *See* 18 U.S.C. §3593(b)(1) ("If . . . the defendant is found guilty of . . . an offense described in 3591, the judge who presided at the trial . . . shall conduct a separate sentencing hearing to determine the punishment to be imposed. *The hearing shall be conducted[] before the jury that determined the defendant's guilt*") (emphasis added).

In *Goff v. Bagley*, 601 F.3d 445 (6th Cir. 2010), a federal habeas case originating

1

from the State of Ohio, an alternate juror who did not deliberate with the guilt-phase jury but who heard all of the evidence in both phases of the trial, was allowed to take the place of a sitting juror during the penalty phase. *Goff*, 601 F.3d at 467. The Sixth Circuit said "[petitioner] has cited no caselaw to support his argument that the substitution of an alternate juror-who was present for both the guilt-phase and penalty-phase hearings but did not participate in the guilt-phase deliberation-for a sitting juror before the commencement of penalty-phase deliberations is a constitutional violation, nor could we find any." *Id.* at 468.

The Ohio death penalty statute is similar to the Federal Death Penalty Act. *See* R.C. §2929.03 (the penalty shall be determined by the *trial jury* and the trial judge, if the offender was tried by jury).

The Court will follow this procedure: (1) the alternate jurors will not be discharged when the jury begins its deliberations on O'Reilly's guilt; (2) the Court will recall them to hear the penalty phase evidence; and (3) if a member of the jury that deliberated on O'Reilly's guilt is discharged during the penalty phase for any reason, that individual will be replaced with an alternate juror.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: July 28, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 28, 2010.

s/Linda Vertriest
Deputy Clerk