UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff(s),        CASE NUMBER: 05-80025
                                  HONORABLE VICTORIA A. ROBERTS

v.

D-1 TIMOTHY DENNIS O'REILLY,

        Defendant(s).
_____/

## ORDER

This matter is before the Court on Timothy O'Reilly's "Motion to Exclude Evidence of 'Future Dangerousness' and for Evidentiary Hearing." (Doc. #597). O'Reilly asks the Court to exclude the murder-for-hire plots as evidence of future dangerousness at the penalty phase of trial.

In the alternative, O'Reilly asks the Court to exclude from consideration at the penalty phase the testimony of Zouelfikar Nehmeh, on the grounds that this testimony is too unreliable to be considered.

Oral argument was heard on August 5, 2010.

O'Reilly's motion is **DENIED**.

Contrary to O'Reilly's belief, the Government may amend the Notice of Intent to Seek the Death Penalty. *See United States v. Battle*, 173 F.3d 1343, 1347 (11th Cir. 1999) (finding it was proper for the trial court to allow an amendment on the eve of the sentencing proceedings). Even if the Government does not seek an amendment, O'Reilly has been on notice that the Government would introduce this evidence to

1

support the future dangerousness aggravating factor, and the Government complied with its requirement to submit notice of the aggravating factors it intends to prove at the penalty phase; the Government is not required to provide specific evidence in the Notice of Intent.  *See id.*

In addition, the Court finds this case is similar to *United States v. Taylor*, 583 F.Supp.2d 923 (E.D. Tenn. 2008).  In *Taylor*, the defendant wrote a letter which contained a statement that could constitute a threat against a co-defendant and witness, and he sent letters to third parties from the jail in someone else's name.  *Taylor*, 583 F.Supp.2d at 938.  The court held the jury could use this evidence to find future dangerousness.  *Id.* at 948.  According to the court:

> This evidence, if believed by a rational juror, could support a conclusion that Defendant might be involved in or might influence others to commit harm to others, including prison staff and other inmates.
> . . .
> Appropriate rebuttal to the government's evidence in this case would be information that it would be impossible for Defendant to ever communicate with anyone outside of prison for the rest of his life or that he would not be able to influence any other inmates while in prison.  And, of course, with the proper witness, such as a psychologist, testimony would be proper either as mitigating evidence or rebuttal that Defendant did not possess the personal qualities to harm others either directly or indirectly and would be unlikely to ever develop those personal qualities.

*Id.* at 938.

The Court finds that O'Reilly's plots while in prison, to have witnesses killed outside of prison, evidences future dangerousness in a prison setting, is sufficiently relevant to the consideration of who should live and who should die, is sufficiently reliable, and its probative value is not outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

2

O'Reilly may present his argument that neither Nehmeh or Dominic Guidice-Young had the ability or willingness to kill witnesses, and no one – including the Government – took O'Reilly seriously, as rebuttal evidence.

The jury will be instructed that it must consider Nehmeh's credibility in deciding whether the Government proved the future dangerousness aggravating factor beyond a reasonable doubt. If O'Reilly can lay the proper foundation, he may introduce documents he received from the Court, as additional evidence in support of his argument that Nehmeh is not credible and should not be believed.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 6, 2010

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 6, 2010.

s/Linda Vertriest
Deputy Clerk

---