UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff(s),**        CASE NUMBER: 05-80025
                                        HONORABLE VICTORIA A. ROBERTS

**v.**

**D-1 TIMOTHY DENNIS O'REILLY,**

        **Defendant(s).**
_____/

## ORDER

This matter is before the Court on the Government's "Motion in Limine to Exclude the Use and Mention of Polygraph Evidence During the Guilt Phase and During the Penalty Phase of Trial." (Doc. #521).

On July 2, 2010, the Court GRANTED IN PART the Government's motion, and HELD IN ABEYANCE part of the Government's motion. *See* Doc. #561. The Court said it would hold an evidentiary hearing before the penalty phase to determine whether the polygraph examination results of Robyn Stephens, Johnnie Allen, and Elliott Phillinganes, are admissible at the penalty phase.

An evidentiary hearing was held on August 5, 2010. Mr. Samuel Ruffino, a former FBI agent who administered the polygraph examinations in question, demonstrated to the Court his qualifications as a polygraph examiner, and presented convincing evidence that the examinations were peer-reviewed, accurate, and that polygraph examinations generally, are relied upon by the Federal government in making important decisions, such as whether high-ranking federal officials should be granted

1

security clearances.

The Government's motion is **GRANTED IN PART, DENIED IN PART, AND RESERVED IN PART**.

The Government's motion is **GRANTED** with respect to the polygraph examination results of Johnnie Allen. The polygraph examiner determined that her results were truthful, and O'Reilly agreed that he will not introduce her results.

The Government's motion is **DENIED** as to the polygraph examination results of Elliott Phillinganes, a security guard who worked with Norman Anthony Stephens the night he was killed. Mr. Ruffino concluded that Mr. Phillinganes' answers to the following questions indicated deception:

**Question**: Did you help plan [the Dearborn Federal Credit Union] robbery?

**Answer**: No.

**Question**: Do you know for sure who committed that robbery?

**Answer**: No.

These results are relevant to 18 U.S.C. §3592(a)(4) ("Another defendant or defendants, equally culpable in the crime, will not be punished by death), and the probative value is not outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury. See 18 U.S.C. §3593(c). O'Reilly may introduce Mr. Phillinganes' polygraph examination results during the penalty phase.

The Court **RESERVES** its ruling as to the polygraph examination results of Ms. Stephens, Mr. Stephens' wife. Mr. Ruffino concluded that Ms. Stephens' answers to the following questions indicated deception:

**Question**: Did you know [the Dearborn Federal Credit Union] robbery was going to occur before it happened?

**Answer**: No.

**Question**: Are you withholding information about [the Dearborn Federal Credit Union] robbery from the FBI?

**Answer**: No.

At this juncture, the Court finds that any probative value of Ms. Stephens' polygraph examination results is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury. *See* 18 U.S.C. §3593(c). However, circumstances may develop during the course of Ms. Stephens' examination that might change this preliminary ruling.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 6, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 6, 2010.

s/Linda Vertriest
Deputy Clerk