**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff(s),**          **CASE NUMBER: 05-80025**
                                           **HONORABLE VICTORIA A. ROBERTS**
**v.**

**D-1 TIMOTHY DENNIS O'REILLY,**

        **Defendant(s).**
_____/

## ORDER

**I.    INTRODUCTION**

This matter is before the Court on Timothy O'Reilly's "Motion to Strike Unproven and Inadmissible Allegations from the Notice of Intent to Seek Death and to Preclude any Amendments to that Notice; Motion to Preclude Argument in Support of a Death Sentence Using Evidence of Stricken Allegations and/or Unproven Evidence." (Doc. #598). O'Reilly asks the Court to strike the following language from the Notice of Intent to Seek the Death Penalty:

    2.    Additional violent behavior: Defendant also committed other armored car robberies and several home invasion robberies of drug dealers with co-defendant Norman Duncan.

    3.    Future Dangerousness: Defendant stated that he planned to commit additional robberies when he is released from prison. Defendant stated that he intends to kill the witnesses who testified against co-defendant Norman Duncan when released from prison.

O'Reilly's motion is **GRANTED**.

1

## II. ANALYSIS

### A. Additional Violent Behavior

The Government is prohibited from presenting evidence at the penalty phase that O'Reilly committed other armored car robberies and several home invasion robberies of drug dealers with Duncan; the Government agrees that there is no evidence that O'Reilly and Duncan committed such crimes.

However, the Government says it intends to produce evidence that O'Reilly committed other armored car robberies and home invasion robberies of drug dealers with co-Defendant Archie Broom.

The Court finds the Government may introduce Broom's testimony that he and O'Reilly committed a home invasion robbery on October 23, 2003, as evidence in support of the additional violent behavior aggravating factor. This testimony is corroborated by Detroit Police Officer William Zeolla, who arrested O'Reilly on October 23, 2003 with firearms, ski mask and bullet proof vest. In addition, O'Reilly confessed to this crime.

The fact that the Government did not amend its Notice of Intent to include this evidence does not change the Court's ruling. The Government's Notice of Intent does not need to include the specific evidence it will rely on. *See United States v. Battle*, 173 F.3d 1343, 1347 (11th Cir. 1999).

The Government is prohibited from introducing Broom's testimony that he and O'Reilly committed other armored car robberies and home invasion robberies of drug dealers. This testimony is not corroborated, and it is the testimony of an accomplice,

which the jury was instructed to consider with caution. See Sixth Circuit Pattern Criminal Jury Instructions 7.08:

> You have heard the testimony of Archie Broom. You have also heard that he was involved in the same crime that the defendant is charged with committing. You should consider Archie Broom's testimony with more caution than the testimony of other witnesses.
>
> Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

While there is a possibility that a rational juror could believe Broom's testimony beyond a reasonable doubt, the Court finds the probative value of this testimony is outweighed by the danger of unfair prejudice, See 18 U.S.C. §3593(c). The Court excludes the evidence from the penalty phase.

### B. Future Dangerousness

The Court previously prohibited the Government from introducing evidence that O'Reilly planned to commit additional robberies when he is released from prison, and that O'Reilly stated he intends to kill the witnesses who testified against co-defendant Norman Duncan when released from prison, to support the allegation of future dangerousness. See Doc. #615. That ruling continue to apply.

## III. CONCLUSION

O'Reilly's motion is **GRANTED,** consistent with this Order.

**IT IS ORDERED**.

                                     s/Victoria A. Roberts
                                     Victoria A. Roberts
                                     United States District Judge

Dated: August 6, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 6, 2010.

s/Linda Vertriest
Deputy Clerk