**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

                **Plaintiff(s),**          **CASE NUMBER: 05-80025**
                                          **HONORABLE VICTORIA A. ROBERTS**

**v.**

**D-1 TIMOTHY DENNIS O'REILLY,**

                **Defendant(s).**

_____/

<u>**ORDER**</u>

## I.    INTRODUCTION

This matter is before the Court on Timothy O'Reilly's "Motion to Submit Only Count Two of the Indictment to the Sentencing Jury." (Doc. #605). O'Reilly relies on *United States v. Almany*, 598 F.3d 238 (6th Cir. 2010), to support his position that the jury should be instructed that it can only recommend a punishment on Count 2 of the Second Superseding Indictment (Bank Robbery, in violation of 18 U.S.C. §2113(e)), and not Count 3 (Murder with a Firearm During and In Relation to a Violent Crime, in violation of 18 U.S.C. §924(j)).

Oral argument was heard on August 5, 2010.

O'Reilly's motion is **DENIED**.

## II.    APPLICABLE LAW AND ANALYSIS

In *Almany*, the defendant pled guilty to: (1) conspiracy to distribute and possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §841(b)(1)(A); and (2) possession of a firearm in furtherance of a drug trafficking

1

crime, in violation of 18 U.S.C. §924(c)(1)(A).  *Almany*, 598 F.3d at 239.  The district

court sentenced the defendant to a mandatory 10-year sentence under §841(b)(1)(A),

and a consecutive 5-year sentence under §924(c)(1)(A).  *Id.*

The Sixth Circuit reversed and remanded for re-sentencing, holding that the plain

language of §924(c) forbids a court from sentencing a criminal defendant under both the

mandatory minimum sentence found in §924(c) and another, greater mandatory

minimum sentence in any other provision of law.  *Id.* at 241.  *See* 18 U.S.C. §924(c):

> *Except to the extent that a greater minimum sentence is otherwise
> provided by this subsection or by any other provision of law*, any person
> who, during and in relation to any crime of violence or drug trafficking
> crime . . . for which the person may be prosecuted in a court of the United
> States, uses or carries a firearm, or who, in furtherance of any such crime,
> possesses a firearm, shall, in addition to the punishment provided for such
> crime of violence or drug trafficking crime —
>
> (i)    be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii)   if the firearm is brandished, be sentenced to a term of imprisonment
>        of not less than 7 years; and
>
> (iii)  if the firearm is discharged, be sentenced to a term of imprisonment
>        of not less than 10 years.

(Emphasis added).

O'Reilly was convicted under both §924(j) and §2113(e).

It is true that §2113(e) has a greater mandatory minimum sentence than §924(j).

*Compare* 18 U.S.C. §924(j):

> A person who, in the course of a violation of subsection (c), causes the
> death of a person through the use of a firearm, shall–
>
> (1)    if the killing is a murder (as defined in section 1111), be punished
>        by death or by imprisonment for any term of years or for life[]

*with* 18 U.S.C. §2113(e):

> Whoever, in committing any offense defined in this section . . . kills any person . . . shall be imprisoned not less than ten years, *or if death results shall be punished by death or life imprisonment.*

(Emphasis added).

It is also true that §924(j) is triggered by a violation of §924(c). However, because §924(j) has its own sentencing component, a crime committed under §924(j) is not governed by the sentencing component of §924(c), or the "except to the extent" language in §924(c). Concluding that a defendant who violates §924(j) will be sentenced under §924(c) – and, therefore, be subject to the rule created in *Almany* – would render the sentencing component of §924(j) meaningless.

## III. CONCLUSION

The Court **DENIES** O'Reilly's motion. Counts 2 and 3 of the Second Superseding Indictment will be submitted to the jury.

However, at O'Reilly's request, the Court will not give the sentencing jury the option of recommending that O'Reilly be sentenced to "any term of years." The only options for the sentencing jury will be life in prison without the possibility of release, or the death penalty, upon agreement of the parties.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 6, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 6, 2010.

s/Linda Vertriest
Deputy Clerk