**UNITED STATES OF AMERICA,**

     **Plaintiff(s),**   **CASE NUMBER: 05-80025**
             **HONORABLE VICTORIA A. ROBERTS**

**v.**

**D-1 TIMOTHY DENNIS O'REILLY,**

     **Defendant(s).**
_____/

## ORDER REGARDING DEFENDANT'S PROPOSED MITIGATING FACTORS

## I. INTRODUCTION

Timothy O'Reilly filed a "Submission of Mitigating Factors." (Doc. #628). This list contains 60 mitigating factors that O'Reilly wants the Court to include in the jury instructions and Special Verdict Form.

The Government objects to the inclusion of numbers 2, 6, 7, 28, 29, 38, 39, 45, 46, 47, 48, 49, 50, 51 and 52.

In an e-mail dated August 21, 2010, the Court stated that: (1) it will include numbers 29, 38, 39, and 45; (2) it will exclude numbers 2, 46, 47, 48, 49, 50, and 52; and, (3) it needed further argument on numbers 6, 7, 28, and 51.

Oral argument was heard on August 23, 2010.

## II. APPLICABLE LAW AND ANALYSIS

Pursuant to 18 U.S.C. §3592(a), "In determining whether a sentence of death is to be imposed on a defendant, the finder of fact shall consider *any* mitigating factor"

(emphasis added).  18 U.S.C. §3593(c) does not limit the information O'Reilly may present regarding his mitigating factors:  "The defendant may present *any* information relevant to a mitigating factor" (emphasis added).  Conversely, the Government is limited to the aggravating factors in which it gave notice: "The government may present any information relevant to an aggravating factor for which notice has been provided under subsection (a)."

The Court finds that 18 U.S.C. §3592(a)(1)-(8) are simply examples of specific factors that, if supported by the evidence, mitigate against the death penalty.  As evidenced by the prefatory language in §3592(a) that the jury must consider *any* mitigating factor "including" those factors outlined in §3592(a)(1)-(8), the list is not exhaustive.  *See United States v. Davis*, 132 F.Supp.2d 445, 464 (E.D. La. 2001).

The Instruction the parties agreed will be given to the jury regarding mitigating factors instructs that:

> mitigating factors are facts that would tend to support imposition of a sentence of life in prison without the possibility of release, rather than the death penalty.  Mitigation information concerns the crime; information about the Defendant, his life, background, record, and character; and, anything that would suggest that life in prison without the possibility of release is a more appropriate sentence than the death penalty.

At this juncture, the Court resolves any residual doubt it has about the meaning of the word "any," in O'Reilly's favor.

Finally, the Government indicated that it will not object to O'Reilly arguing his proposed mitigating factors, during closing argument.

**A. Proposed Mitigating Factor Number 2: Life Without Possibility of Release is a Harsh Punishment**

The Court will include this factor. If the jury finds by a preponderance of the evidence, that life in prison without the possibility of parole is harsh, that certainly could suggest to the jury that such a sentence is more appropriate than death.

**B. Proposed Mitigating Factor Number 48: Archie Broom was not prosecuted for Perjury Before the Federal Grand Jury, which is a serious crime; and**

**Proposed Mitigating Factor Number 49: Archie Broom was not prosecuted for Making False Statements to Federal Agents or Being a Felon in Possession of a Firearm, which are serious crimes**

The Court declines to change its ruling on numbers 48 and 49. The Court finds that the Government's charging decisions are irrelevant to whether a sentence of life in prison without the possibility of release for O'Reilly is a more appropriate sentence than the death penalty.

**C. Proposed Mitigating Factor Number 46: The Prosecution will recommend that Khayyam Wilson receive a sentence as low as 84 months. The Court can impose a sentence of up to 210 months. Khayyam Wilson will not be sentenced to death;**

**Proposed Mitigating Factor Number 47: The Prosecution will recommend that Archie Broom receive a sentence of 40 years or less depending upon his cooperation. If the Court accepts Mr. Broom's guilty plea, it cannot sentence Mr. Broom to more than 40 years. Archie Broom will not be sentenced to death; and**

**Proposed Mitigating Factor Number 50: The Government has agreed to recommend a sentence of probation for Henry Matthews. Mr. Matthews expects to receive a sentence of probation. Under his agreement with the prosecution, he cannot receive more than 60 months in prison.**

The Court declines to change its ruling on numbers 46, 47, and 50. The Court is

unsure of what sentence the Government will recommend, and does not know at this juncture if it will even accept the Rule 11 Plea Agreements attached to these individuals. However, the Court includes a mitigating factor that says, "The favorable informal agreement that the Government offered to Henry Matthews as well as the favorable plea agreements offered to Khayyam Wilson and Archie Broom, weigh against imposition of a sentence of death for Mr. O'Reilly." This could suggest to the jury that life in prison without the possibility of release is a more appropriate sentence for Mr. O'Reilly than the death penalty.

**D.    Proposed Mitigating Factor Number 52: If Tim O'Reilly stood trial in the State Courts of Michigan, execution would not be an option**

The Court declines to change its ruling on number 52 based on *United States v. Malone*, 503 F.3d 481 (6th Cir. 2007).

**E.    Proposed Mitigating Factor Number 6: The FBI took no action after speaking with Dominic Young-Guidice**

**Proposed Mitigating Factor Number 7: After speaking with Joe Nehmeh, the Government transferred Mr. O'Reilly to the Milan Detention Center where he was placed in General Population**

The Court includes numbers 6 and 7. If the jury finds, by a preponderance of the evidence, that O'Reilly was not a serious threat to the lives and safety of others, this information will suggest that life in prison without the possibility of release is a more appropriate sentence than the death penalty.

**F.    Proposed Mitigating Factor Number 28: Zouelfikar Nehmeh manipulated and took advantage of Mr. O'Reilly**

Based on the agreement by the parties, the Court revises number 28 to read, "Mr. O'Reilly is easily manipulated by others."

**G.** **Proposed Mitigating Factor Number 51: Because neither Norman Duncan or Kevin Watson have stood trial, the decision as to Mr. O'Reilly's sentence will have to be made without knowing what sentence they will receive.**

The Court finds number 51 relates to the "equally culpable defendants" mitigating factor outlined in 18 U.S.C. §3592(a)(4). However, the Court revises this mitigating factor to read, "Although Norman Duncan and Kevin Watson currently face the possibility of the death penalty, a death sentence may not be imposed on them."

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 23, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 23, 2010.

s/Linda Vertriest
Deputy Clerk