**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

        Plaintiff(s),        CASE NUMBER: 05-80025
                                    HONORABLE VICTORIA A. ROBERTS

v.

**D-1 TIMOTHY DENNIS O'REILLY,**

        Defendant(s).
_____/

**ORDER**

On August 23, 2010, Timothy O'Reilly asked the Court to instruct the jury that if it unanimously finds that the Government proved one preliminary intent factor beyond a reasonable doubt, it should not consider the remaining preliminary intent factors. O'Reilly relies on *United States v. Tipton*, 90 F.3d 861 (4th Cir. 1996), and *United States v. Flores*, 63 F.3d 1342 (5th Cir. 1995).

*Tipton* and *Flores* involve the application of the mental states outlined in 21 U.S.C. §841(n)(1):

    (A)    intentionally killed the victim,

    (B)    intentionally inflicted serious bodily injury which resulted in the death of the victim,

    (C)    intentionally engaged in conduct intending that the victim be killed or that lethal force be employed against the victim, which resulted in the death of the victim, or

    (D)    intentionally engaged in conduct which:

        (i)    the defendant knew would create a grave risk of death to a person, other than one of the participants in the offense; and

        (ii)    resulted in the death of the victim.

In *Tipton*, the district court allowed the jury to find more than one mental state outlined in 21 U.S.C. §841(n)(1)(A)-(D). *Tipton*, 90 F.3d at 898. The jury found all four mental states as to each of the murders for which each of the appellants were convicted. *Id.* at 899. The appellate court held that "to allow cumulative findings of these intended alternative circumstances, all of which do involve different forms of criminal intent, runs a clear risk of skewing the weighing process in favor of the death penalty and thereby causing it to be imposed arbitrarily, hence unconstitutionally." *Id.* (citing *Stringer v. Black*, 503 U.S. 222, 230-32 (1992)); *see also Flores*, 63 F.3d at 1370 (§841(n)(1)(A)-(D) act as both a gateway and as aggravators; once the jury finds a factor under §841(n)(1), it must later weigh that factor against any mitigating factor).

The Court finds O'Reilly's reliance on *Tipton* and *Flores* misplaced.

While 21 U.S.C. §841 is similar to the Federal Death Penalty Act, the Federal Death Penalty Act differs from that statute in an important respect: the Federal Death Penalty Act precludes the jury from weighing the preliminary intent factors. Indeed, the Instruction that the parties agreed on instructs the jury that it "may not consider the preliminary intent factors when [it] weigh[s] the aggravating and mitigating factors."

The Court will submit, and the jury may find, more than one preliminary intent factor. *See United States v. Bolden*, 545 F.3d 609, 629-30 (8th Cir. 2008) (citing *United States v. Jackson*, 327 F.3d 273, 300-01 (4th Cir. 2003); *United States v. Webster*, 162 F.3d 308, 323-24 (5th Cir. 1998); *United States v. Cheever*, 423 F.Supp.2d 1181, 1199-1200 (D. Kan. 2006); *United States v. Natson*, 444 F.Supp.2d 1296, 1308-09 (M.D. Ga. 2006)).

2

**IT IS ORDERED**.

                                                          S/Victoria A. Roberts
                                                        Victoria A. Roberts
                                                        United States District Judge

Dated: August 23, 2010

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 23, 2010.

s/Carol A. Pinegar
Deputy Clerk

---