UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Timothy Dennis O'Reilly,

      Petitioner,

                                        Case No: 05-80025
v.                                        Honorable Victoria A. Roberts

United States of America,

      Respondent.
_____/

**ORDER DENYING MOTION TO VACATE, SET ASIDE OR
CORRECT SENTENCE UNDER 28 U.S.C. §2255 (DOC. #875)**

**I.    Introduction**

Timothy O'Reilly ("O'Reilly") filed a motion pursuant to 28 U.S.C. §2255 to vacate his convictions and for a new trial. In the alternative, O'Reilly seeks to vacate his sentence and schedule a new sentencing hearing. The motion is **DENIED**.

**II.   Background**

A jury convicted O'Reilly of premeditated murder and two separate robberies of armored trucks. The Government sought the death penalty. O'Reilly received a sentence of life imprisonment. O'Reilly unsuccessfully appealed his conviction, alleging a *Brady* violation and evidentiary errors.

O'Reilly says he is entitled to relief under §2255 on the following grounds: (1) ineffective assistance of trial and appellate counsel; (2) illegal questioning outside the presence of counsel; (3) double jeopardy and Sixth Amendment violation; and (4) insufficient evidence.

1

None of these grounds has merit.

### III. Standard of Review

A prisoner in custody under sentence of a federal court may move to vacate, correct, or set aside the sentence on grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255. The petitioner bears the burden to show he is entitled to relief. *Bowers v. Battles*, 568 F.2d 1, 5 (6th Cir. 1977).

To prevail on a § 2255 motion that alleges constitutional error, the petitioner must establish "an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). If alleging a non-constitutional error, petitioner must establish a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Id*.

### IV. Analysis

#### A. Direct Appeal

The Government says O'Reilly's claims regarding ineffective assistance of counsel are actually arguments on the merits concerning: (1) evidence introduced at trial; (2) sentencing errors, (3) and sufficiency of evidence. The Government says O'Reilly failed to raise these issues on direct appeal and they are procedurally defaulted.

If a defendant procedurally defaults a claim by failing to raise it on direct review, the claim may be raised collaterally only if the defendant can demonstrate either cause excusing the double procedural default and actual prejudice resulting from the alleged error, or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Frady*, 456 U.S. 152, 168 (1982). Claims of ineffective assistance of counsel are properly brought under §2255 and not direct appeal, because it affords the parties an opportunity to develop an adequate record. *United States v. Kincaide*, 145 F.3d 771, 785 (6th Cir. 1998). However, section 2255 does not substitute for a direct appeal and cannot be used to circumvent the direct appeal process. *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003).

O'Reilly asserted ineffective assistance of counsel on direct appeal. The Sixth Circuit declined to review, preferring that such claims be brought under §2255. The Court finds that these claims are properly before the Court and are not procedurally barred.

    **B.**    **Ineffective Assistance of Counsel**

        **1.**    **Defense Introduction of Evidence during Opening Arguments**

O'Reilly says he received ineffective assistance of trial counsel because of opening statement remarks.

A defendant in a criminal prosecution has a right to assistance of counsel. U.S. Const. amend. VI. The purpose of this protection is to ensure the accused is not left "to his own devices in facing the prosecutorial forces of organized society." *Moran v. Burbine*, 475 U.S. 412, 430 (1986).

A defendant claiming he received ineffective assistance of counsel must meet

the two pronged inquiry of *Strickland v. Washington*, 466 U.S. 668 (1984). The defendant must show his counsel's representation: (1) "fell below an objective standard of reasonableness" and; (2) that the deficient performance prejudiced him. *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000). When determining reasonableness under the first prong, courts must evaluate counsel's conduct on the facts of the particular case, viewed as of the time of the particular conduct, and this scrutiny must be highly deferential. *Id.* To establish prejudice under the second prong, the defendant must demonstrate that there is a "reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Regalado v. United States*, 334 F.3d at 524.

O'Reilly says defense counsel's decision to introduce evidence of other robberies and murder-for-hire efforts allowed evidence into trial that otherwise would have been prohibited under Rule 404(b). O'Reilly says this decision cannot be said to be part of a trial strategy or tactical choice.

The Government says counsel was not ineffective for using death-penalty strategy during opening statements. The Government says it asserted before trial that it would introduce evidence of O'Reilly's murder-for-hire plots during the penalty phase and not during the guilt phase at trial. The Government later reversed this position after hearing defense counsel introduce evidence regarding dope house rip-offs, the 2003 arrest, and the murder-for-hire plots during the defense opening statement. The Government argued that O'Reilly opened the door for it to introduce this evidence in its case-in-chief. The defense responded that it assumed the evidence would be alluded to during trial. The Court allowed evidence on these events during the guilt phase of the

4

trial without objection from the defense.

On direct appeal, O'Reilly argued - unsuccessfully - that the district court erred by admitting this evidence. The Sixth Circuit disagreed, finding that under the invited error doctrine, O'Reilly's claim was barred from review. The Sixth Circuit also noted that defense counsel's decision to introduce the evidence first appeared to be an intentional defense strategy.

The Government says O'Reilly cannot show counsel's representation fell below an objective standard of reasonableness. He had a team of experienced lawyers, including one with death penalty experience. The Government says O'Reilly's attorneys followed the ABA standards for counsel in death penalty cases and that these standards are the prevailing professional norm; death penalty cases require a unique strategy and in cases like this one, avoiding execution may be the best result possible. *Florida v. Nixon*, 543 U.S. 175, 191-92 (2004). The Government says O'Reilly fails to make a real argument in his petition and, therefore, this issue is waived. *United States v. Roach*, 502 F.3d 425, 442 (6th. Cir. 2007).

The Court finds O'Reilly provided sufficient facts regarding this claim to avoid waiver. However, the Court agrees with the Government that counsel's conduct appears to have been part of an intentional strategy and does not rise to the level of ineffective assistance of counsel. In *Florida v. Nixon*, 543 U.S. at 186-87, the Supreme Court considered whether counsel's failure to obtain the defendant's express consent to a trial strategy that involved conceding guilt automatically rendered counsel's performance deficient. In *Florida*, counsel unsuccessfully attempted to explain the strategy to his client. *Id.* at 189. The Court held in a capital case when defendant is

unresponsive, counsel must consider "both the guilt and penalty phases in determining how to proceed" and as long as the decision satisfies *Strickland*, there is no tenable claim of ineffective assistance. *Id.* at 192.

O'Reilly does not say whether his counsel discussed this trial strategy with him. However, applying the first prong of *Strickland*, the Court finds the decision to introduce this information was not unreasonable. The Government sought the death penalty and evidence of guilt was sufficient such that avoiding execution was a reasonable priority. O'Reilly has not demonstrated that this decision caused him to suffer prejudice.

### 2. Government Questioned O'Reilly without Counsel Present

In his initial motion, O'Reilly says after he was indicted and charged, the Government used a prisoner as a confidential informant to question him to obtain incriminating statements. O'Reilly says these statements were then used against him, resulting in his conviction. O'Reilly says when the statements were obtained, he had a Sixth Amendment right to counsel. O'Reilly says he received ineffective assistance of counsel by his trial and appellate attorneys when they failed to object at trial, or raise on appeal, the introduction of incriminating statements at trial.

O'Reilly fails to develop a factual basis for this argument. He does not identify the name of the alleged government agent or specify the particular statements at issue.

The Government raises this deficiency, and says that based on the limited description in O'Reilly's petition, he appears to be referring to Zouelfikar Nehmeh. The Government says defense counsel heavily litigated Nehmeh's testimony and filed multiple motions including a Motion to Suppress Incriminating Statements Made to Zoulifikar Nehmeh (Dkt. # 356), and separate motions to adjourn the trial date and

exclude Nehmeh's testimony from the guilt and penalty phase of the trial. (Dkt. #395 and 396). The Government says O'Reilly's assertion that defense counsel failed to object to testimony obtained in violation of his Sixth Amendment right is baseless.

In a motion under §2255, the defendant must provide facts which entitle him to relief. *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit." *Solomon v. United States,* No. 05-92, 2011 WL 5434273, at *5 (E.D. Tenn. Nov. 9, 2011) citing*, Loum v. Underwood,* 262 F.2d 866, 867 (6th Cir.1959).

O'Reilly's argument - that his attorneys failed to object to testimony about evidence obtained in violation of his Sixth Amendment right to counsel - is without merit.

### 3. Double Jeopardy and *Alleyne*

O'Reilly says he received ineffective assistance of counsel because his defense counsel failed to object to his sentencing on double jeopardy grounds. O'Reilly says he received a consecutive sentence of 120 months for Count Six based on the same actions for which he was punished under Count Two and Count Three.

The Government says O'Reilly was not punished twice for the same events. The Government says Counts Two and Three of the Second Superseding Indictment relate to the robbery and murder at the Dearborn Federal Credit Union on December 14, 2011. Count Six relates to the robbery of the Comerica Bank on June 19, 2003.

The Government is correct. The counts O'Reilly contends violate Double Jeopardy involve separate crimes.

O'Reilly also says, without development, that his Sixth Amendment right to a jury was violated because his consecutive mandatory minimum sentences were based on

facts found by the Court and not the jury, in violation of *Alleyne v. United States*, 133 S.Ct. 2151 (2013).

The Sixth Circuit has held *Alleyne* is not retroactive. *In re Mazzio*, 756 F.3d 487 (th Cir. 2014); United States v. Hogg, No. 11-20220, 2014 WL 4965963, at *8 (E.D. Mich. Oct. 2, 2014). Therefore, *Alleyne* cannot apply to O'Reilly.

### 4. Insufficient Evidence

O'Reilly says the government's evidence was insufficient to show beyond a reasonable doubt that the bank was federally insured on the date of the robbery. O'Reilly does not identify which financial institution he is talking about, or which robbery.

To establish a violation of 18 U.S.C. §2113, the Government must prove the bank is insured by the Federal Deposit Insurance Corporation ("FDIC") at the time of the robbery. *United States v. Rowan*, 518 F.2d 685, 692 (6th Cir. 1975). FDIC certificates are business records and must be presented through the testimony of a custodian or other qualified witness. *United States v. Pacheco*, 466 F. App'x 517, 524 (6th Cir. 2012) (unpublished opinion). The phrase "other qualified witness" is interpreted broadly. *United States v. Baker*, 458 F.3d 513, 518 (6th Cir. 2006). Qualified witnesses do not need to have personal knowledge of the preparation of the business record; they only need to be familiar with the organization's record keeping procedures. *Id.*

O'Reilly says Mr. Herrera's testimony failed to show he had personal knowledge that the bank was federally insured and his trial and appellate counsel were ineffective for not objecting and raising the issue.

The Government says it called Joseph Herrera, a bank examiner with the FDIC at trial. Mr. Herrera testified that Comerica Bank was insured continuously from

January 1, 1934 through June 19, 2003, the day of the robbery.  The Government says it also introduced the insurance certificate along with the branch history.  The Government says it is unclear which institution O'Reilly is referencing.  The Government says it assumes O'Reilly means Comerica Bank because the Dearborn Federal Credit Union is insured by the National Credit Union Association, not the FDIC.  The Government says the only way counsel could have objected to this element is by filing a motion for a judgment of acquittal under Rule 29.  It says such motion would have had no chance of success.

     O'Reilly's argument that his counsel was deficient fails to satisfy either prong of the *Strickland* test.  The introduction of a certificate of insurance and testimony by a branch manager is sufficient to permit a jury to find the FDIC element is established.  *United States v. Rowan*, 518 F.2d 685, 693 (6th Cir. 1975); *United States v. Wood*, 780 F.2d 555, 557 (6th Cir. 1986).  None of the cases says a bank examiner lacks personal knowledge or suggests that failure to object to such testimony falls below an objective standard of reasonableness.

     Regarding the second prong of *Strickland*, only one case cited by O'Reilly involves a remand for new trial because of insufficient evidence.  *United States v. Sandles*, 469 F.3d 508 (6th Cir. 2006).  In *Sandles*, the court reversed the defendant's conviction for bank robbery because the Government did not present sufficient evidence that the bank was insured by the FDIC at the time of the robbery.  *Id*. at 527.  The Government in *Sandles* said a reasonable jury could find beyond a reasonable doubt that the bank was insured by the FDIC based on three pieces of evidence presented at trial: (1) a senior investigator's knowledge of FDIC stickers on the bank deposit

9

windows; (2) the senior investigator's statement that the bank deposits were FDIC insured; and (3) an affiant statement that a search of FDIC records did not reveal the insurance had expired. *Id.* at 513.

Based on facts specific to the case, the court in *Sandles* held only the testimony regarding the FDIC stickers was competent evidence and that alone – without additional evidence – is insufficient. *Id* at 514.

Here, the jury had more information than Sandles. The Government introduced the insurance certificate, branch history, and testimony from a qualified witness. Any failure to object based on personal knowledge does not establish ineffective assistance of counsel.

**V.  Conclusion**

O'Reilly's Motion pursuant to 28 U.S.C. §2255 to vacate, set aside, or correct sentence is **DENIED**.

**IT IS ORDERED.**

/s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  January 28, 2016

The undersigned certifies that a copy of this document was served on the attorneys of record and Timothy O'Reilly by electronic means or U.S. Mail on January 28, 2016.

s/Linda Vertriest
Deputy Clerk